IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT H. DIAZ,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT L. AYERS, JR., KAREN SAYLOR, DOCTOR SCOTT,<br><br>    Defendants.<br>_____ | No. C 06-5233 TEH (PR)<br><br>**ORDER OF DISMISSAL, DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND INSTRUCTIONS TO THE CLERK**<br><br>(Docket No. 2) |

       Plaintiff, formerly an inmate at San Quentin State Prison, has filed this pro se civil rights action pursuant to 42 U.S.C. § 1983.  He alleges that he has received inadequate medical care for pain in his left knee and left shoulder while incarcerated at different prison facilities.  The complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.  Because the complaint is dismissed, Plaintiff's motion to proceed <u>in forma pauperis</u> is now DENIED as moot (docket no. 2).

**BACKGROUND**

       Plaintiff alleges that prior to his release from Soledad in 2003 and since his subsequent incarceration at San Quentin State Prison, he has suffered from knee and shoulder pain and that "I now also have both knees in constant pain and swelling[.]  I can't walk or stand for long periods of time.  My left shoulder I've complained since 2002 in folsom and here in San Quentin."  Plaintiff has alleged that "now all my muscles are in pain and very uncomfortable" and that he wants "San Quentin responsible for all my health care and disability benefits" and to be compensated for "pain and suffering."  Since

the filing of the complaint, Plaintiff has been released from state prison.

Plaintiff has attached to his complaint his prison medical records which document the treatment he received for his knees and shoulder while incarcerated at San Quentin. These records document that Plaintiff has had x-rays of his left knee taken during his incarceration on November 24, 2004 and September 26, 2005, which were compared with an earlier one taken on May 27, 2003, apparently during a prior incarceration. The records also document that Plaintiff was referred to and seen by an orthopedic specialist on November 17, 2005 and that an MRI was taken of Plaintiff's left knee on February 9, 2006. Plaintiff's medical records and the radiologist reports from the x-rays and MRI note osteo-arthritic degenerative changes in Plaintiff's knee and abnormality in the medial meniscus "consistent with mucoid degeneration and tear." Plaintiff's medical records also document that Plaintiff received pain medication in the form of motrin and naproxen at numerous medical appointments in 2004 and 2005 and that he was subsequently treated with steroid injections, as well as pain medications naproxen and ultram in 2006 after being seen by the orthopedic specialist. Medical records also note that Plaintiff was treated for his shoulder pain on multiple occasions in 2005 and 2006, an x-ray was taken of his shoulder on May 31, 2005 and he received cortisone injections to relieve the pain on January 27, 2006. The orthopedic specialist also treated his shoulder during Plaintiff's consultation on November 17, 2005.

## DISCUSSION

### A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

1988). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that Defendants have provided inadequate medical care. Although he does not allege that Defendants were deliberately indifferent to his medical needs, the Court will liberally construe his complaint as such.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059.

In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. See id. at 1060. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

A "difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Plaintiff's allegations do not state a claim for violation of his

3

constitutional rights because the Eighth Amendment does not require that plaintiff be afforded his choice of tests and treatment. Plaintiff's allegations and documentation make clear that he received competent medical care from Defendants: medical staff were aware of his medical history, they examined him multiple times and provided various diagnostic tests and pain medications to treat Plaintiff's discomfort. Plaintiff does not allege any manner in which he contends that Defendants were deliberately indifferent, only that he continues to be in pain in these joints, despite the medical care he has received. Even a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

To the extent that Plaintiff contends that the medical care was inadequate or negligent, that claim is not cognizable under § 1983. A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); see, e.g., Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (holding delays in administering pain medication, treating broken nose and providing replacement crutch did not constitute deliberate indifference); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (holding repeated failure to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains does not rise to level of unnecessary and wanton infliction of pain); Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir. 1988) (holding no constitutional violation alleged where prison warden and work supervisor failed to provide prompt and sufficient medical care).

While Plaintiff's joint pain is regrettable, the allegations in the complaint establish that he received significant medical attention from numerous doctors at San Quentin to treat his knee and shoulder issues and pain. Plaintiff's complaints regarding his continued discomfort notwithstanding the treatment received do not rise to the level of deliberate indifference necessary to establish a constitutional violation. Accordingly, the complaint

fails to state a claim under § 1983.  Because plaintiff's factual allegations establish that his medical treatment was constitutional, there is no indication that the claims could be fairly cured by amendment.  See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

## CONCLUSION

For the reasons expressed, plaintiff's claims are DISMISSED.  The Clerk shall terminate Plaintiff's motion to proceed in forma pauperis as moot, close the file and enter judgment in accordance with this order.

SO ORDERED.

DATED:  04/16/07

_____
THELTON E. HENDERSON
United States District Judge